## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| HERBERT COLEMAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-06-21-L |
| | ) | |
| ERIC FRANKLIN, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

### REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, brings this action pursuant to 28 U.S.C. § 2254 seeking a writ of habeas corpus. Pursuant to an order of United States District Judge Tim Leonard, the matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the petition has been promptly examined, and for the reasons stated herein, it is recommended that the petition be dismissed upon filing.

By this action, Petitioner challenges his convictions pursuant to his pleas of nolo contendere to charges of robbery in the first degree and kidnapping for the purpose of extortion. Case No. CF-2002-2804, District Court of Oklahoma County. Petition, p. 1. He received a sentence of twenty-five years imprisonment on each charge, to be served concurrently. Petition, p. 13. Petitioner did not move to withdraw his pleas or otherwise challenge his convictions within ten days as required by Oklahoma law. See Rule 4.2, Rules of the Oklahoma Court of Criminal Appeals, Okla. Stat. tit. 22, Ch. 18 App. (defendant must file an application to withdraw plea of guilty or nolo contendere within ten days from the pronouncement of the judgment and sentence). However, on July 6,

2005, Petitioner filed an application for post-conviction relief in the state district court, which was denied on October 3, 2005.  Petition, p. 3, 5.  He then appealed to the Oklahoma Court of Criminal Appeals, which affirmed on December 8, 2005.  Petition, p. 6.  Case No. PC-2005-990, Oklahoma Court of Criminal Appeals.  Petitioner filed no other applications for state post-conviction relief.  <u>See</u>  Petition, p. 3-4.

In this action, Petitioner seeks relief on four grounds.  In Ground One, he claims ineffective assistance of counsel, alleging that trial counsel failed to challenge the legality of the search warrant, failed to challenge the nighttime search, and failed to advise him of his appeal rights.  Petition, p. 4-5, 24.  In Ground Two, Petitioner claims that the police officers conducted an illegal nighttime search.  Petition, p. 6, 32.  In Ground Three, Petitioner alleges an illegal search and seizure.  Petition, p. 7,  26.  Finally, in Ground Four, Petitioner alleges that the cumulative effect of these errors deprived him of a fair trial.  Petition, p. 8, 34.

## I.  SCREENING REQUIREMENT

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court is under an obligation to review habeas petitions promptly and to summarily dismiss a petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief. . . ."  The undersigned finds that it is proper to raise the issue of timeliness of a petition for writ of habeas corpus sua sponte under Rule 4.  <u>Graves v. Boone</u>, No. 99-7013, 1999 WL 1079626 (10th Cir. Nov. 30, 1999); <u>Williams v.</u>

Boone, No. 98-6357, 1999 WL 34856 (10th Cir. Jan. 28, 1999) (affirming the Court's sua

sponte dismissal of habeas corpus petition as untimely under Rule 4).[1]

As stated by the Fifth Circuit in Kiser v. Johnson, 163 F.3d 326, 328- 29 (5th Cir.

1999), affirming the power of the district court to raise the statute of limitations sua

sponte:

> The district court has the power under Rule 4 to examine and
> dismiss frivolous habeas petitions prior to any answer or other pleading by
> the state.  This power is rooted in "the duty of the court to screen out
> frivolous applications and eliminate the burden that would be placed on
> the respondent by ordering an unnecessary answer.

Kiser, 163 F.3d at 328 (quoting Rule 4 Advisory Committee Notes).

Moreover, the undersigned's sua sponte consideration of whether the petition is

time-barred will not prejudice Petitioner since he has an opportunity to be heard on the

issue by filing a timely objection to this Report and Recommendation.  See Smith v.

Dorsey, No. 93-2229, 1994 WL 396069 (10th Cir. July 29, 1994) (finding "no due process

problem" where magistrate judge raised issue of procedural bar sua sponte and petitioner

had opportunity to object to report and recommendation prior to district court's adoption

thereof) (citing  Hardiman v. Reynolds, 971 F.2d 500 (10th Cir. 1992)).

## II.  THE AEDPA LIMITATIONS PERIOD

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)[2] sets forth a

one-year period of limitations for habeas petitioners who are in state custody.  The statute

provides in pertinent part:

---

[1]These and any other unpublished dispositions are cited as persuasive authority pursuant to Tenth
Circuit Rule 36.3.

[2]Pub. L. No. 104-132, 110 Stat. 1214, effective April 24, 1996.

A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of-

(A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).  As a general rule, the period of limitation under this statute runs from the date the judgment became "final" as provided by § 2244(d)(1)(A), unless a petitioner alleges facts that would implicate the provisions set forth in § 2244(d)(1)(B), (C), or (D) above.  Preston v. Gibson, 234 F. 3d 1118, 1120 (10th Cir. 2000).  Petitioner has not provided the Court with any basis to apply the provisions of § 2244(d)(1)(B) (C) or (D), and so the undersigned will consider the timeliness of the petition under § 2244 (d)(1)(A).

Under § 2244(d)(1)(A),  Petitioner's action is clearly untimely. Petitioner alleges that he was sentenced on October 17, 2003.  Petition, p. 1.  He states that he did not seek an appeal.  Petition, p. 2; See Rule 4.2, Rules of the Oklahoma Court of Criminal Appeals, Okla. Stat. tit. 22, Ch. 18 App. (1981) (defendant must file an application to withdraw a

4

plea of guilty or nolo contendere within ten days from the pronouncement of the judgment and sentence). Petitioner's convictions therefore became final on October 27, 2003. Fisher v. Gibson, 262 F.3d 1135, 1142 (10th Cir. 2001) (petitioner's three convictions pursuant to guilty pleas were final ten days after entry of each judgment and sentence where petitioner failed to appeal each conviction, citing Rule 4.2).   Therefore, Petitioner had until October 27, 2004, to file his federal habeas action.  Malone v. State, Nos. 03-6246, 03-6175, 2004 WL 1249850, at *1 (10th Cir. June 8, 2004) (the one year limitation period should be calculated using anniversary date method, citing United States v. Hurst, 322 F.3d 1256, 1260-61 (10th Cir. 2003)). This action was not filed until January 10, 2006, and in the absence of tolling, is clearly untimely.

## III. STATUTORY TOLLING

Federal law provides that the limitations period is tolled for a "properly filed application for State post-conviction or other collateral review."  28 U.S.C. § 2244(d)(2). However, Petitioner is not entitled to tolling for his application for post-conviction relief because it was not commenced until the limitations period had already expired.  See e.g., Hansell v. LeMaster, No. 98-2207, 1999 WL 258335, at *2 (10th Cir. April 30, 1999) (refusing to toll limitation period for time petitioner spent seeking post-conviction relief where petitioner did not seek such relief until after the statutory period ended). Therefore, statutory tolling is unavailable.

## IV.  EQUITABLE TOLLING

The period of limitation also "may be subject to equitable tolling" under circumstances where application of the period of limitation would possibly render the

habeas remedy "inadequate and ineffective." <u>Miller v. Marr</u>, 141 F.3d 976, 978 (10th Cir. 1998). However, equitable tolling is limited to "rare and exceptional circumstances." <u>Gibson v. Klinger</u>, 232 F.3d 799, 808 (10th Cir. 2000). To justify equitable tolling, the petitioner must "demonstrate[] that the failure to timely file was caused by extraordinary circumstances beyond his control." <u>Marsh v. Soares</u>, 223 F.3d 1217, 1220 (10th Cir. 2000). It is Petitioner who has the burden of demonstrating that equitable tolling applies. <u>Cooper v. Bravo</u>, No. 00-2462, 2002 WL 32716 at *4 (10th Cir. Jan. 11, 2002) (citing <u>Miller</u>). In this case, there is no reason indicated for Petitioner waiting 252 days after the period of limitations expired before filing his state post-conviction application. In response to the form petition's question requiring an explanation if the petitioner's judgment of conviction became final over one year ago, Petitioner only states that his "appeal is within the one (1) year time frame." Petition, p. 10. Of course, Petitioner had no direct appeal, and neither his post-conviction application nor the appeal from denial of post-conviction relief were filed within the AEDPA's one-year limitation period. Petitioner is at best mistaken, and his general claim of timeliness is insufficient to meet his burden of showing entitlement to equitable tolling. <u>See</u> <u>Marsh v. Soares</u>, 223 F.3d at 1220 ("[I]gnorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.").

Even if Petitioner could show rare and extraordinary circumstances justifying equitable tolling of the limitation period, he must also demonstrate that he has diligently pursued his federal claims. <u>Gibson v. Klinger</u>, 232 F.3d at 808; <u>Marsh</u>, 223 F.3d at 1220. "[T]his Circuit has generally declined to apply equitable tolling when it is facially clear

6

from the timing of the state and federal petitions that the petitioner did not diligently pursue his federal claims." Burger v. Scott, 317 F.3d 1133, 1141 (10th Cir. 2003). Here, Petitioner waited 252 days after the one-year limitations period had already passed before bringing his state post-conviction application, and then waited another month to seek federal habeas corpus relief after the Oklahoma Court of Criminal Appeals affirmed the denial of post-conviction relief. In light of the foregoing, the undersigned finds that application of the doctrine of equitable tolling is not appropriate here.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the petition for a writ of habeas corpus be dismissed on filing. In light of this recommendation, the undersigned denies Petitioner's motion for evidentiary hearing [Doc. No. 4] and Petitioner's motion for appointment of counsel [Doc. No. 5]. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court on or before February 20, 2006, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. Petitioner is further advised that failure to file a timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. Moore v. United States, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation disposes of all the issues referred to the undersigned Magistrate Judge in the captioned matter. The Clerk of Court is directed to transmit a copy of this Report and Recommendation through electronic mail to the Attorney General of the State of

Oklahoma on behalf of the Respondent at the following address: fhc.docket@oag.state.ok.us.

**ENTERED this 30th day of January, 2006.**


_____
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE